IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **GREGORIO TEJADA,** ) | 1:06-CV-644 AWI DLB |
| ) | |
| Plaintiff, ) | ORDER VACATING AUGUST |
| ) | 11, 2008, HEARING AND |
| v. ) | ORDER ON DEFENDANT'S |
| ) | RULE 60(b) MOTION |
| **CON-AGRA FOODS, INC., a business** ) | |
| **entity, and DOES 1 through 50, inclusive,** ) | (Doc. No. 49) |
| ) | |
| Defendant. ) | |
| ) | |
| _____ ) | |

This is a California FEHA case in which Plaintiff Gregorio Tejada claims that he was improperly discriminated against due to a physical disability. On June 4, 2008, this Court granted Defendant's motion for summary judgment. See Court's Docket Doc. No. 46. In resolving the summary judgment motion, the Court struck a late filed opposition. See Court's Docket Doc. No. 45.[1] On July 3, 2008, Plaintiff filed a notice of appeal. See Court's Docket Doc. No. 48. On July 4, 2008, Plaintiff filed this Rule 60(b) motion. See Court's Docket Doc. No. 49. In his Rule 60(b) motion, Plaintiff requests that he should be given relief on the bases that his attorney engaged in excusable neglect and that the Court committed clear error. Plaintiff states that a Rule 60(b)(1) may be permitted during the time a case is pending on appeal.

---

[1] Hearing on Defendant's summary judgment motion had been set for 1:30 p.m. on June 2, 2008. The Court issued an order on May 21, 2008, in which it informed Plaintiff that no opposition had been filed, that Plaintiff forfeited his right to be heard at oral argument, and that the matter would be taken under submission as of June 2, 2008. At 2:50 p.m. on June 2, 2008, Plaintiff filed a late opposition. There was no explanation why the opposition was late, there was no request for the Court to consider the late opposition, there was no request for an extension of time, and the opposition failed to comply with Local Rule 56-260. Given those circumstances, the Court struck the opposition.

In the Ninth Circuit, the "filing of the notice of appeal divests the district court of jurisdiction." Gould v. Mutual Life Ins. Co., 790 F.2d 769, 772 (9th Cir. 1986). When a Rule 60(b) motion is filed in district court after a notice of appeal has been filed, "the district court lack[s] jurisdiction to entertain the Rule 60(b) motion . . . ." Katzir Floor & Home Designs, Inc. v. M-MLS.com, 394 F.3d 1143, 1148 (9th Cir. 2004); see Williams v. Woodford, 384 F.3d 567, 586 (9th Cir. 2004); Carriger v. Lewis, 971 F.2d 329, 332 (9th Cir. 1992). "To seek Rule 60(b) relief during the pendency of an appeal, the proper procedure is to ask the district court whether it wishes to entertain the motion, or to grant it, and then move this court, if appropriate, for remand of the case." Williams, 384 F.3d at 586; see Carriger, 971 F.2d at 332 ("Carriger should have filed a motion asking the district court to indicate its willingness to entertain his Rule 60(b) motion."). Where an appellant does not follow this procedure, a district court's order on the Rule 60(b) motion is void for lack of jurisdiction. See Katzir Floor, 394 F.3d at 1148 (vacating district court's order denying a post-notice of appeal Rule 60(b) motion where procedure not followed); Williams, 384 F.3d at 586 (same); Carriger, 971 F.2d at 332 (same). Here, Plaintiff has simply filed a Rule 60(b) motion and has not followed the Ninth Circuit procedure for revesting this Court with jurisdiction. This Court remains without jurisdiction and the motion must be denied.[2] See Katzir Floor, 394 F.3d at 1148; Williams, 384 F.3d at 586; Carriger, 971 F.2d at 332.

Accordingly, IT IS HEREBY ORDERED that the August 11, 2008, hearing is VACATED and Plaintiff's Rule 60(b) motion is DENIED.

IT IS SO ORDERED.

**Dated:   August 6, 2008**               /s/ Anthony W. Ishii
                                       CHIEF UNITED STATES DISTRICT JUDGE

---

[2] However, even if Plaintiff had properly followed the Ninth Circuit procedure, after reviewing the papers, the Court would not wish to entertain the motion.